### GEORGE C. EICHLITZ v. THE STATE.

No. 1467. Decided June 24, 1898.

**Insurance Agent—Occupation Tax.**

The Act of the special session, Twenty-fifth Legislature, page 53, section 33, with regard to the occupation tax imposed upon insurance agents, repeals by implication the Act of 1895 as to such occupation tax, and under said Act of 1897 the tax was reduced from seven to five dollars, and this law also omitted the proviso contained in the Act of 1895, which required payment of the tax by local agents in each and every county in which they did business. Held, an agent who had paid his license both as a general and local agent in B. County, where he resided, could not be held liable, under the Act of 1897, to prosecution and conviction for a prior failure, under the Act of 1895, to pay the tax for such occupation in the county of L., the prosecution having been instituted after the Act of 1897 had become operative.

APPEAL from the County Court of Lavaca. Tried below before Hon. D. A. PAULUS, County Judge.

Appeal from a conviction for pursuing the occupation of local insurance agent without procuring license; penalty, a fine of $5.

No statement necessary.

*J. F. Onion,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for pursuing the occupation of local insurance agent without securing a license for that purpose, and his punishment assessed at a fine of $5; and he prosecutes this appeal.

Motion was made to quash the indictment, because the law under which it was drawn had been repealed by the Act of 1897. Said indictment was drawn under the Act of the Twenty-fourth Legislature (Acts 1895, p. 80). By the terms of that law, each and every person or firm acting as a local agent or agents of life, fire, marine, or accident insurance companies which shall transact any business in this State shall pay an annual tax of $7. By the term "local agent" was meant any person or firm who solicited, contracted for, or received premiums for any insurance company or companies, or delivered contracts or policies of in-

surance, including railway agents and employes who solicited or received premiums for accident insurance. And the tax of $7 on such local agent was required to be paid in each and every county in which said agent or agents did business. By the terms of said law a distinction was drawn between local agents and general agents. A general agent is one who represents any insurance company in this State, or who exercises general supervision over the business of such insurance company, or over local agents in the State or any subdivision of the State. So, under the terms of that law, it would seem that any agent who solicited life, fire, marine, or accident insurance was a local agent, whereas those who exercised control over the business of such insurance companies, or over their local agents, were styled "general agent." The Act of 1897 defined general and local agents the same as does the Act of 1895, and reduced the amount of the State occupation tax from $7 to $5. See Acts Spec. Sess. 25th Leg., subsec. 33, p. 53. This law also omits the proviso of the Act of 1895, which required the payment of said occupation tax by local agents in each and every county in which they did business. This law also constitutes the general agent a local agent when said general agent is acting as local agent, and in such case he is required to pay the additional tax required of the local agent, provided for in subsection 33. See subsections 32, 33, Acts 1897, p. 53. Now, the question is, did the Act of 1897, which went into operation on the 20th day of September, 1897, substitute and repeal the Act of 1895, which had theretofore been in force? The acts complained of, and for which appellant was convicted, occurred in 1897. Appellant was the general agent of the insurance company, and resided in San Antonio, where he paid the tax, both as general and local agent. He did not pay the tax in Lavaca County, where he solicited insurance. The Act of 1897 does not directly refer to the Act of 1895, but it is enacted with reference to the same subject matter, and to the same character of business, and covers precisely the same acts, matters, and things as did the Act of 1895, and, being the last act of the Legislature upon that subject, takes the place of the former law. This being the case, of course the law of 1895 was repealed by the Act of 1897. Article 16 of the Penal Code provides, "The repeal of a law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." There is no saving clause in the Act of 1897 in regard to violations of the Act of 1895. Now, under the Act of 1895 a tax was required to be paid in each county where the local agent did business. Under the Act of 1897 this clause was omitted, thus indicating a clear legislative change of policy with reference to that subject. If appellant could be convicted at all under the indictment in this case, it would be for a violation of the Act of 1895. He was charged with its violation, and the acts proved were committed prior to the time the Act of 1897 went into effect. If appellant was a local agent under the terms of the prior act, he would have been required to pay the tax under said act in

Lavaca County, because of the express provisions of the statute. But it would seem now, by a change in the terms of the law, that local agents are not required to pay the tax in each county. If such was not the intention of the Legislature, then we are at a loss to understand why they made such a radical change in the law. Wherever a general agent is acting in the capacity of local agent, he would be placed in the same relation to the law when so acting as if he was in fact a local agent. Then, from either view, appellant should not have been convicted. If the conviction occurred under the Act of 1895, it could not be sustained, because that law had been repealed by the Act of 1897. If he was convicted under the Act of 1897, the conviction could not be sustained, because having paid his license as both general and local agent in Bexar County, the demands of the law were satisfied, and he was not required to pay another license in Lavaca County. The judgment is reversed and the cause remanded.

*Reversed and remanded.*